UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC PAYNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VETERANS ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 16-1478 (CRC) |

## OPINION AND ORDER

Plaintiff Eric Payne filed this suit in the Superior Court for the District of Columbia in May 2016, and the Veterans Administration ("VA") removed it to federal court two months later. Payne is a veteran who has been diagnosed with schizophrenia and has been hospitalized in various psychiatric facilities more than a dozen times since 2005. See Notice of Removal, Ex. A, Complaint, at 6.[1] His Complaint is difficult to decipher. He appears to allege that VA doctors assaulted him and amputated his foot following a "misdiagnosis." Id. at 2. He further alleges that he was committed to a psychiatric facility against his will. Id. Payne seeks $30,000,000 in damages. Id. The VA has moved to dismiss for lack of subject-matter jurisdiction, on grounds of sovereign immunity and failure to exhaust administrative remedies. See Def.'s Mot. Dismiss ("MTD") at 1, 6.

The Court will grant the motion. Absent an explicit waiver, the United States is protected from suit by the doctrine of sovereign immunity. Edmonds v. United States, 436 F. Supp. 2d 28, 33 (D.D.C. 2006) (citing Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994)). Congress

---

[1] Payne included with his Superior Court Complaint more than one hundred pages of medical records and court documents related to his hospitalizations over the past decade.

provided a limited waiver by enacting the Federal Tort Claims Act ("FTCA"), which offers "a remedy against the Federal Government for some torts committed by federal employees in the scope of their employment." See Boggs v. United States, 987 F. Supp. 11, 15 (D.D.C. 1997) (citing United States v. Kubrick, 444 U.S. 111, 117–18 (1979)). But excluded from this waiver is "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). And "any doubt or ambiguity is resolved in favor of immunity." Jones v. Nat'l Council on Disability, 66 F. Supp. 3d 94, 101 (D.D.C. 2014); see also United States v. Shearer, 473 U.S. 52, 55 (1985) ("Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery."). Thus, to the extent that Payne is alleging that VA doctors and staff assaulted and falsely imprisoned him, the Court must dismiss those claims.

By alleging that VA doctors misdiagnosed him, Payne may be asserting medical malpractice or some other negligent tort claim. This claim, too, must be dismissed. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). The statute specifically states that a tort claim against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing." 28 U.S.C. § 2401(b). And a plaintiff's failure to comply with this requirement deprives a court of jurisdiction to hear the claim. GAF Corp. v. United States, 818 F.2d 901, 919 (D.C. Cir. 1987). Daniel Rattray, Chief Counsel for the VA, attests that department records indicate Payne never availed himself of the administrative process required by law. See Def.'s Mot. to Dismiss, Ex. 1, at ¶ 6 (Decl. of Daniel Rattray). Payne has presented

no evidence to the contrary. Accordingly, to the extent Payne alleges any negligence claims not barred under the FTCA's exceptions, the Court must dismiss them for failure to exhaust.

For the foregoing reasons, it is hereby **ORDERED** that the Complaint be dismissed in its entirety. This is a final, appealable order.

*Christopher R. Cooper*
CHRISTOPHER R. COOPER
United States District Judge

Date: December 21, 2016